UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-292-GWU

LONNIE HONEYCUTT, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

    Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

  Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist.

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Lonnie Honeycutt, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of disk and degenerative disorders of the spine and being "status post" gastrointestinal bleeding. (Tr. 16). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mr. Honeycutt retained the residual functional capacity to perform his past relevant work as a security guard, and, in the alternative, that he could perform a significant number of other jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 17-21). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether the plaintiff could perform any jobs if he were capable of "sedentary" level exertion, required the option of sitting or standing at will, could not climb ladders, ramps or scaffolding and could not bend at the waist to pick up items. (Tr. 392-3).[1] The VE responded that

[1] The ALJ ultimately found the plaintiff was capable of "light" level exertion, with essentially the same non-exertional restrictions. (Tr. 17).

there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 393).

On appeal, this court must determine whether the administrative decision was supported by substantial evidence.

Mr. Honeycutt alleged disability due to back and leg problems. (Tr. 83-4). He testified that his lower back pain radiated up into his shoulders and also caused numbness in his legs. (Tr. 386-7). He also described tendonitis and constant chest pain and related two episodes of gastrointestinal bleeding approximately a year before the October 17, 2006 hearing which had caused him to be hospitalized . (Tr. 387). Although he still did not know the cause of the bleeding, it had not recurred as yet. (Tr. 388-9).

Records from 2001, already submitted in connection with a prior application for benefits which was denied on February 27, 2004 (Tr. 33-43), and not reopened, include an indication from Dr. Russell Travis that a myelogram and post-myelogram CT scan of the lumbar spine showing the presence of a herniated lumbar disc, although Dr. Travis's report contradicts itself regarding the disc's location. (Tr. 112). In any case, records from the relevant time period do show an emergency room visit for right leg and back pain and an x-ray of the right hip was interpreted as showing a possible femoral neck lesion. (Tr. 119-20, 124). No functional restrictions were assessed. The plaintiff's treating family physician, Dr. James West, submitted office notes including a diagnosis of chronic mechanical back pain as well as a resulting

problem with depression. (Tr. 157-8). In June, 2004, the physician noted a moderate spasm and diffuse tenderness, with a limited range of motion but negative straight leg raising testing and intact strength and sensation. (Tr. 157). The plaintiff was admitted on two occasions to Knox County Hospital due to bleeding from the rectum, and on the second occasion, Dr. West opined that he suspected the bleeding was diverticular in origin. (Tr. 126, 135). On follow-up in his office a month later, Dr. West found that the plaintiff's stool samples were negative for blood. (Tr. 150-3).

State agency sources reviewed the record, and while the first source was not a medical professional and thus not an acceptable medical source under the Commissioner's Regulations at 20 C.F.R. §§ 404.1513 and 416.913, the second reviewer was Dr. Timothy Gregg, who agreed that the plaintiff would be capable of "light" level exertion with no climbing of ladders, ropes, or scaffolds and occasional stooping, kneeling, crouching, or crawling. (Tr. 169-76).

Subsequently, Dr. West submitted a medical report limiting the plaintiff to sitting, standing, and walking a total of one hour each in an eight-hour day, occasionally lifting and carrying no more than ten pounds or reaching above shoulder level, never bending, squatting, crawling, or climbing, and having a total restriction on working around unprotected heights or moving machinery, a moderate restriction on marked changes in temperature and humidity, and a mild restriction on driving automotive equipment. (Tr. 179). Other restrictions listed by the

physician were an inability to use either hand for simple grasping and an inability to use the feet in repetitive movements such as operating foot controls. (Id.). Dr. West also wrote a letter on October 12, 2006 stating that Mr. Honeycutt had been diagnosed with severe degenerative arthritis of the spine, with complications "such as gastrointestinal bleeding," and this required him to ambulate with a cane, he was unable to walk, sit, or stand for periods greater than one hour without a break, and unable to lift greater than ten pounds. (Tr. 183). He added that he felt his patient was totally disabled. (Id.).

The ALJ rejected Dr. West's opinion, a decision the plaintiff challenges on appeal. While the opinion of a treating physician is entitled to great weight, it is not entitled to controlling weight unless it is supported by sufficient objective evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). The ALJ noted that Dr. West's office notes documented only minimal physical findings, and that they indicated that the plaintiff's gastrointestinal bleeding had resolved. (Tr. 18-19). The court notes that, in addition to these points, Dr. West's medical assessment form appears to be internally inconsistent. It is not clear how a person who is unable to use his hands for simple grasping would be able to use them for fine manipulating, as Dr. West indicated. (Tr. 179). For these reasons, there was sufficient evidence for the finder of fact to have concluded that the treating physician's opinion was not entitled to controlling weight. Restrictions presumed in the hypothetical question are more

limiting with respect to the exertional level than found by the state agency reviewer, Dr. Gregg, and the non-exertional restrictions are essentially consistent.[2]

The plaintiff submitted additional evidence to the Appeals Council reflecting treatment after the date of the ALJ's decision (Tr. 209-380), but the plaintiff does not argue that the new evidence requires a remand under Sentence Six of 42 U.S.C. § 405(g).

The decision will be affirmed.

This the 14th day of May, 2008.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***G. Wix Unthank***

**United States Senior Judge**

[2]Dr. Gregg did limit the plaintiff to occasional kneeling, crouching, and crawling, but Social Security Ruling (SSR) 85-15 indicates that these activities are relatively rare even in arduous work. SSR 85-15, p. 7.